UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

PATENT HOLDER, LLC.

        Plaintiff,
v.

Lone Wolf Distributors, Inc. and
Lone Wolf R&D LLC.

        Defendants.
_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

PATENT HOLDER, LLC. (hereinafter "PATENT HOLDER") by and through its undersigned legal counsel, makes this Complaint against Lone Wolf Distributors, Inc. and Lone Wolf R&D, LLC. (hereinafter collectively "LONE WOLF"), and alleges the following:

**NATURE OF THE ACTION**

1. PATENT HOLDER seeks injunctive relief and damages for acts of patent infringement engaged in by the Defendants in violation of the laws of the United States and the State of Florida.

**THE PARTIES**

2. PATENT HOLDER is a Florida Limited Liability Company having an address at 12201 SW 131 Avenue, Miami, FL 33186.

3. On information and belief, Defendant Lone Wolf Distributors, Inc. is a corporation organized and existing under the laws of Idaho, and has a principal place of business at 106 Shannon Lane, Priest River, ID 83856.

4. On information and belief, Defendant Lone Wolf R&D, LLC. is a Limited Liability corporation organized and existing under the laws of Idaho, and has a principal place of business at 106 Shannon Lane, Priest River, ID 83856.

## JURISDICTION

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

6. This Court may exercise personal jurisdiction over Defendants based upon their contacts with this forum, and placing their infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including in this District. The acts by Defendants have caused injury to PATENT HOLDER within this District. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

**VENUE**

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400 (b) because Defendants regularly do business, have committed acts of infringement, and are subject to personal jurisdiction here. See enclosed Exhibit 1.

**BACKGROUND**

8. For years, Arthur Viani, owner of Ghost, Inc. in Miami, FL, has continuously engaged in the development, manufacture, and sale of guns parts and accessories.

9. PATENT HOLDER owns a United States patent relating to Enhanced Trigger Control Connector.

10. In particular, PATENT HOLDER is the owner of all right, title, and interest to United States Patent No. 9,404,700 (hereafter, "the '700 Patent"). See enclosed Exhibit 2 attached hereto.

11. The '700 Patent was duly and legally issued to Arthur Viani, inventor of the Enhanced Trigger Control Connector.

12. The '700 Patent was assigned to PATENT HOLDER.

13. Ghost, Inc. manufactures, distributes, and offers for sale the patented Enhanced Trigger Control Connector under the '700 Patent. See enclosed Exhibit 3 attached hereto.

14. PATENT HOLDER's Enhanced Trigger Control Connector was created to

improve an existing issue with trigger controls, whereas a firearm trigger bar slidably travels generally in a rearward and downward direction establishing an undesired trigger pull excess travel.

15. PATENT HOLDER's Enhanced Trigger Control Connector limits over travel by extending a control tab. This way, the undesired trigger pull excess travel of the prior art is reduced while minimizing trigger bar obstruction. See enclosed Exhibits 4, 5, and 6 attached hereto.

16. On information and belief, Defendants also do business in manufacturing and/or distributing and/or selling of guns parts and accessories.  See enclosed Exhibit 7 attached hereto.

17. On information and belief, and without PATENT HOLDER's authorization, Defendants have made, used, offered to sell, sold, and/or imported into the United States products having the assembly and components claimed in the '700 Patent. See enclosed Exhibit 8 attached hereto.

18. Defendants' infringing gun parts and accessories include an enhanced trigger control connector identified by Defendants as "LWD-342-4243, LWD G42/43 3.5 Connector". See enclosed Exhibit 9 attached hereto.

19. Without a license, consent, or authorization from PATENT HOLDER, Defendants manufactured, or had manufactured a plurality of the  "LWD-342-4243, LWD G42/43 3.5 Connector" that is sold by Defendants.  See enclosed Exhibit 10 attached hereto.

20. Rather than innovate and develop their own technology and a unique style for its trigger control connectors, Defendants chose to copy PATENT HOLDER's technology and innovative style in its infringing products.

21. On information and belief, the "LWD-342-4243, LWD G42/43 3.5 Connector" contains elements defined with respect to the claims of the '700 Patent. See enclosed Exhibit 11 attached hereto.

22. On information and belief, Defendants are intentionally manufacturing and/or selling the "LWD-342-4243, LWD G42/43 3.5 Connector" knowing of the existence of the '700 Patent.

23. On information and belief, Defendants have offered for sale and/or sold the "LWD-342-4243, LWD G42/43 3.5 Connector" knowing of the existence of the '700 Patent in Miami-Dade County.

24. On information and belief, Defendants continue to use, offer to sell, sell, and/or import into the United States the "LWD-342-4243, LWD G42/43 3.5 Connector" knowing of the existence of the '700 Patent.

25. Defendants' knowing and repeated infringement of PATENT HOLDER's the '700 Patent have been and continues to be intentional and willful.

26. Defendants' upon being notified of their infringing product being sold on their website knowingly continued to sell PATENT HOLDER's '700 Patented connector.

**COUNT I: PATENT INFRINGEMENT**

27. PATENT HOLDER re-alleges each and every allegation set forth in

paragraphs 1 through 26 above, inclusive, and incorporates them by reference herein.

28.   Defendants have made, used, offered to sell, sold, and/or imported into the United States, and are still making, using, offering to sell, selling, and/or importing into the United States, the "LWD-342-4243, LWD G42/43 3.5 Connector" knowing of the existence of the '700 Patent without PATENT HOLDER's authorization.

29.   Defendants are now, and have been, directly, contributorily and by inducement, infringing at least one claim of the '700 Patent, literally and/or under the doctrine of equivalents. Defendants are violating 35 U.S.C. § 271 by selling, offering to sell, making or using the patented invention in the United States, by actively inducing others to sell, offer to sell, make or use the patented invention in the United States, and by offering to sell or selling within the United States components of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

30.   Defendants' infringement has been intentional and willful, making this an exceptional case.

31.   PATENT HOLDER has been and will continue to be irreparably harmed by Defendants' infringement of PATENT HOLDER's '700 Patent.

32.   Defendants' infringing activities violate 35 U.S.C. § 271.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PATENT HOLDER respectfully prays for:

A.  Judgment that Defendants willfully infringed PATENT HOLDER's '700 Patent in violation of 35 U.S.C. § 271;

B.  An injunction against further infringement of PATENT HOLDER's '700 Patent by Defendants, their agents, servants, employees, officers, and all others controlled by Defendants;

C.  An award of damages adequate to compensate PATENT HOLDER for the patent infringements that have occurred, including pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Defendants' willful patent infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, and costs;

D.  Actual damages suffered by PATENT HOLDER as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

E.  Awarding PATENT HOLDER additional remedy, permitted by 35 U.S.C. § 289, including but not limited to Defendants' profits on its products found to infringe the '700 Patent;

F.  An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest;

G.  Reasonable funds for future corrective advertising;

H.     Restitutionary relief against Defendants and in favor of PATENT HOLDER, including disgorgement of wrongfully obtained profits and any other appropriate relief; and

I.     Such other and further relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Fed. R. Civ. P. 38, PATENT HOLDER demands a jury trial on all issues raised in this Complaint triable to a jury.

Respectfully submitted,

/Albert Bordas/
Albert Bordas, Esq.
FL Bar Number: 330220
**Albert Bordas, P.A.**
5975 Sunset Drive
Suite 705
Miami, FL 33143
Tel. (305)669-9848
Fax. (305) 669-9851
albert@bordasiplaw.com

/Augusto Perera/
Augusto Perera, Esq.
FL Bar Number: 117890
**Albert Bordas, P.A.**
5975 Sunset Drive
Suite 705
Miami, FL 33143
Tel. (305)669-9848
Fax. (305) 669-9851
tm@bordasiplaw.com