UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATENT HOLDER, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LONE WOLF DISTRIBUTORS, INC. and LONE WOLF R&D, LLC,<br><br>    Defendants. | Case No. 2:17-cv-00452-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

On December 13, 2018, the Court issued its Memorandum Decision and Order addressing numerous motions filed by the parties in this case. Dkt. 68. Most notably, the Court denied Defendants Lone Wolf Distributors, Inc, and Lone Wolf R&D, LLC's (collectively "Lone Wolf") first Motion for Summary Judgment (Dkt. 40) and reserved ruling on Lone Wolf's second Motion for Summary Judgment (Dkt. 50).[1] Dkt. 68, at 19-20.

The Court withheld ruling on Lone Wolf's second Motion for Summary Judgment in light of information—discussed in more detail below—that arose on the day of the hearing. To afford both sides an opportunity to fully respond to this information, the

---

[1] In the Court's "ORDER" section of its Decision it erroneously indicated that the motions for summary judgment were filed by Plaintiff Patent Holder. Dkt. 68, at 19-20. This was simply a typo. Both motions for summary judgment were in fact filed by Lone Wolf.

MEMORANDUM DECISION AND ORDER - 1

Court allowed each side to file additional briefing on the topic. The Court has received and reviewed the parties' supplemental briefs and finds that the issue remains unsettled. Considering the continued discrepancy—this "disputed material fact"—the Court cannot rule as a matter of law in favor of Lone Wolf. Discovery must be conducted before a decision can be rendered on this issue.

## II. DISCUSSION

To review: along with its "doctrines of equivalents" theory in support of summary judgment, Lone Wolf contends that its product—specifically its 342 device—does not infringe on Claim 1 of the '700 patent because one of the angles is outside the specified range.

Claim 1 of the '700 patent requires that the "first connector leg [have] a disconnector tab (228) at a third predetermined angle ("C") approximately between 81 degrees and 91 degrees with respect to said first connector leg (226)." Dkt. 40-4 at 4:59-62. Angle "C" is at the top of the device (highlighted) below.



Fig. 3

According to Lone Wolf, the 342 device's "third predetermined angle ("C")" is ninety-seven (97) degrees. Because 97 degrees does not fall within the 81 to 91-degree range as required in the '700 patent, Lone Wolf alleges that the 342 device does not infringe on the '700 patent. Conversely, Patent Holder claims that the third predetermined angle of the 342 device is actually 89 degrees and therefore does fall within the specifications of the '700 patent.

Immediately preceding oral argument, the parties conferred and discovered the reason behind the inconsistent results. Apparently, when measuring angle C, Lone Wolf measured the inside, or interior space, of angle C, while Patent Holder measured the outer surface, or back side, of angle C.

The parties' supplemental briefs do not fully resolve this discrepancy. Although both sides are adamant in the accuracy of their own measurements, each side casts doubt on the other's measurements and methods. Most importantly, however, the question as to exactly where the angle should be measured—on the inside or the outside surface of the angle—remains unanswered.

Although the illustrations (notably figure 3) within the '700 patent seem to indicate angle C is the interior space of this predetermined angle, there is no language within the patent itself actually stating this. As both sides correctly note in their briefs, these competing opinions and measurements raise an issue of fact that precludes summary judgment at this time. The parties must engage in discovery to flesh out these matters—specifically, the crucial question of exactly where the angle is to be measured.

///

## III. ORDER

**IT IS ORDERED:**

1. Lone Wolf's Motion for Summary Judgment (Dkt. 50) is DENIED.

DATED: March 6, 2019

David C. Nye
Chief U.S. District Court Judge